## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMY BURKE,** <br><br> **Plaintiff,** <br><br> v. <br><br> **WEIGHT WATCHERS INTERNATIONAL, INC. and WELLS ENTERPRISES, INC.** <br><br> **Defendants.** | Civ. No. 2:12-06742 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Amy Burke purchased two different diet ice cream bars sold under the Weight Watchers label. Burke alleges that Defendants Weight Watchers International, Inc. ("Weight Watchers") and Wells Enterprises, Inc. ("Wells") (together "Defendants"), which manufactured the diet ice cream bars, misrepresented the number of calories on the entire line of bars. Accordingly, Burke filed the instant putative class action. Burke's four-count Amended Complaint alleges breach of express warranty, violation of the New Jersey Consumer Fraud Act ("NJCFA"), breach of implied warranty, and unjust enrichment. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss claims related to diet bars that Burke did not purchase. Defendants also move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the entire Amended Complaint, arguing that Burke's claims are preempted by the federal Food, Drug, and Cosmetic Act ("FDCA"). Finally, Defendants move pursuant to Federal Rule of Civil Procedure 12(f) to strike certain allegations in the Amended Complaint relating to a *Today Show* segment on low-calorie ice cream. For the reasons set forth below, the Court will **DENY** Defendants' Rule 12(b)(1) motion to dismiss, the Court will **GRANT** Defendants' Rule 12(b)(6) motion to dismiss, and the Court will **DENY** Defendants' Rule 12(f) motion to strike.

1

## I. BACKGROUND

### A. The Diet Bars

Defendant Weight Watchers International, Inc. is "the world's leading provider of weight management services." Am. Compl. ¶ 15. Weight Watchers International, Inc. contracted with Defendant Wells Enterprises to manufacture a line of diet ice cream bars (the "Diet Bars"). *Id.* ¶ 17. The Diet Bars come in a variety of flavors, including the Ice Cream Candy Bar, the GIANT Chocolate Fudge Bar, the Divine Triple Chocolate Bar, and the Dark Chocolate Dulcé de Leché Ice Cream Bar. *Id.* ¶ 11. Burke regularly purchases the Ice Cream Candy Bar and the GIANT Chocolate Fudge Bar. *Id.* ¶ 13. Burke does not identify any other Diet Bar she has purchased.

According to the label on its box, the Ice Cream Candy Bar contains 140 calories. *Id.* ¶ 27. Burke claims that "[t]he actual number of calories of each Ice Cream Candy Bar product, as packaged and sold to the public, is significantly higher." *Id.* ¶ 32. In support of this allegation, Burke appeals to independent laboratory tests indicating that Ice Cream Candy Bars' calorie content is 20%-36% greater than the calorie content listed on the box. *Id.* ¶ 43. Burke does not describe which tests yielded these results, but she does note that "[a]ll of the testing was done in accordance to, and in compliance of, FDA guidelines, including 21 C.F.R. 101.9 [("Section 101.9")]." *Id.* ¶ 41. Burke makes no allegations about tests performed on Diet Bars other than the Ice Cream Candy Bar.

### B. The *Today Show* Report on the Diet Bars

On August 20, 2012, the *Today Show* aired a segment (the "Segment") discussing its investigation of "low-calorie" ice creams. Am. Compl. ¶ 33. The investigation revealed that one Weight Watchers Ice Cream Candy Bar contained more calories than were listed on its label. *Id.* Weight Watchers "did not refute the damning results of the testing performed on behalf of the *Today Show*." *Id.* ¶¶ 35, 37.

The Amended Complaint omits to mention that at one point during the Segment, a *Today Show* contributor said that it was "completely legal" for Weight Watchers to represent one calorie content for its Ice Cream Candy Bar when the Ice Cream Candy Bar actually contained 16% more calories. *See* Rossen Reports: Can you believe diet frozen dessert labels? (August 20, 2012), *available at* http://www.today.com/id/48596412/site/todayshow/ns/today-today_rossen_reports/t/rossen-reports-can-you-believe-diet-frozen-dessert-labels/#.UTkORNa90uQ (last visited Sept. 23, 2013).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v.*

2

*United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### III. DISCUSSION

The Complaint contains four counts. Count I is a claim for breach of express warranty. Count II is a claim for a violation of the New Jersey Consumer Fraud Act ("NJCFA"). Count III is a claim for breach of the implied warranty of merchantability and fitness for a particular purpose. Count IV is a claim for unjust enrichment. Weight

Watchers moves to dismiss the Amended Complaint and to strike portions of the Amended Complaint.  <u>First</u>, Weight Watchers argues that Burke lacks standing to pursue class action claims relating to Diet Bars she did not purchase (e.g., the Divine Triple Chocolate Bar).  <u>Second</u>, Weight Watchers argues preemption under the FDCA.  <u>Third</u>, Weight Watchers argues that allegations relating to the Segment are prejudicial and should be stricken.

### A. 12(b)(1) Motion to Dismiss

On standing grounds, Weight Watchers moves pursuant to Rule 12(b)(1) to dismiss claims relating to Diet Bars that Burke did not purchase.  The Court will **DENY** the motion.

To bring suit in federal court, a plaintiff must have standing under Article III of the Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  In *Lujan*, which was not a class action case, the Supreme Court described the requirements of standing as follows:

> First, the plaintiff must have suffered a "concrete," "particularized" injury-in-fact, which must be "actual or imminent, not conjectural or hypothetical.  Second, that injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  Third, the plaintiff must establish that a favorable decision likely would redress the injury.

*Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137-38 (3d Cir. 2009) (internal citations and quotations omitted).

It is clear that Burke has standing to bring claims relating to the Diet Bars she actually purchased, namely the Ice Cream Candy Bar and the GIANT Fudge Bar.  What is less clear is whether Burke also has standing to bring a class action based on alleged false labels on Diet Bars she did not purchase (e.g., the Divine Triple Chocolate Bar).  Courts in this District are split on the issue.  Some hold that class action plaintiffs lack standing to recover for injuries associated with products they neither purchased nor used.  *See, e.g.*, *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 856 F. Supp. 2d 529, 537 (D.N.J. 2011).  Other courts take a different approach.  For these courts, a class action plaintiff's standing to pursue claims based on products she neither purchased nor used is "an issue that is not yet ripe" to decide at the motion to dismiss stage."  *Kuzian v. Electrolux Home Products, Inc.*, --- F. Supp. 2d ----, 2013 WL 1314722, at *2-3 (D.N.J. March 28, 2013).  Instead, the standing issue becomes ripe only in the context of a motion for class certification.  *See id.* ("[C]lass certification issues are 'logically antecedent to the existence of Article III issues,' and it is appropriate to reach the class action issues first, since the standing issues would not exist but for the class action certification.") (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 612-13 (1997)).

One case that subscribes generally to the latter approach is *Stewart v. Smart Balance, Inc.*, No. 11-6174, 2012 WL 4168584, at *16 (D.N.J. June 26, 2012). At issue in *Stewart* was the deceptive labeling of three different "Fat Free Enhanced Milk Products" sold under the Smart Balance name. Plaintiffs purchased the "Fat Free Milk and Omega-3" product, but they did not purchase the "Lactose-Free Fat Free Milk and Omega-3s" or the "HeartRight Fat Free Milk and Omega-3s & Natural Plant Sterols" products. Still, plaintiffs brought class action claims alleging labeling improprieties in each of the three products. On standing grounds, defendants moved to dismiss claims relating to the milk products that plaintiffs did not purchase. The *Stewart* court denied the motion. Finding that "the basis for each of the claims relating to the [three milk products] is the same, the products are closely related, and the Defendants are the same," *id.* at *16, the *Stewart* court held that class certification was the proper time to determine standing. This Court is persuaded by *Stewart*'s approach.

Here, though Burke purchased only two kinds of Weight Watchers Diet Bars, she seeks to bring class action claims that cover the entire line of Diet Bars. The basis for Burke's claims is the same with respect to all of the Diet Bars, the Diet Bars are closely related because they belong to the same product line, and the Defendants are the same. Applying *Stewart*, the Court will **DENY** Burke's motion to dismiss for lack of standing.

### B. 12(b)(6) Motion to Dismiss

Counts I-IV are state law claims alleging that Weight Watchers profited through deceptive labeling. Weight Watchers moves to dismiss all counts, arguing that Burke's claims are uniformly preempted by the FDCA. The Court agrees with Weight Watchers.

Under the FDCA, food is deemed "misbranded" unless its "label or labeling bears nutrition information that provides the total number of calories . . . in each serving size or other unit of measure of the food." 21 U.S.C. § 343(q)(1)(C) ("Section 343(q)(1)(C)"). The implementing regulations for Section 343(q)(1)(C) explain that the "total number of calories" can be calculated using one of five methods (the "Five Methods"):

(1) the Atwater method;

(2) a method that assigns 4, 4, and 9 calories per gram for protein, total carbohydrate, and total fat, respectively;

(3) a method that assigns 4, 4, and 9 calories per gram for protein, total carbohydrate less the amount of insoluble dietary fiber, and total fat, respectively;

(4) data for specific food factors for particular foods or ingredients approved by the Food and Drug Administration (FDA); **or**

(5) bomb calorimetry data.

5

Section 101.9 (emphasis added). A "safe-harbor" provision allows the "total number of calories" measured by any of the Five Methods to be as much as 20% greater than the calorie content listed on a label. 21 C.F.R. § 101.9(g)(5).

To the extent state law "directly or indirectly establish[es] . . . any requirement for nutrition labeling of food that is not identical to the requirement of [S]ection 343(q)," the state law is preempted. 21 U.S.C. § 343-1(a)(4). However, if a state law seeks to impose liability consistent with Section 343(q), it is not preempted. *See Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 93 (D.N.J. 2011). To illustrate this, consider an individual who brings a state law claim for deceptive advertising, arguing that a product's label provides false information about calorie content. Say, for the example, the product's label indicates 100 calories. Say further that a test performed using one of the Five Methods yields a measurement of 120 calories. Then the product's label complies with the FDCA's labeling requirements. That is because the calorie value measured using one of the Five Methods (120 calories) does not exceed by more than 20% the calorie value listed on the label (100 calories). Because the product's label complies with the FDCA's safe harbor, the state law false advertising claim would be preempted. However, if all of the Five Methods yield a calorie value greater than 120, then the product's label would violate the FDCA, and the state law false advertising claim would not be preempted.

Burke's claims are preempted because she has failed to plead two separate things. First, she has not pled that she tested the Ice Cream Candy Bar using every one of the Five Methods. Second, she has not pled that every one of the tests results exceeds the calorie value on the Ice Cream Candy Bar label by more than 20%. Instead, Burke cites generally to laboratory tests performed "in accordance to, and in compliance of, FDA guidelines, including 21 C.F.R. 101.9." Am. Compl. ¶ 41. Burke's allegations are insufficient to allege a violation of the FDCA. This conclusion goes not just for the Ice Cream Candy Bar, but also for the all of the other Diet Bars, whose calorie context Burke apparently did not measure.

Accordingly, even if Burke has pled the elements of a state law cause of action in Counts I-IV, Burke's claims are preempted. *See* 21 U.S.C. § 343-1(a)(4). The Court will **DISMISS** Counts I-IV **WITHOUT PREJUDICE**.

### C. 12(f) Motion to Strike

The Segment represented that Weight Watchers's Ice Cream Candy Bar's label lists a calorie value that is inaccurate. Burke makes note of this representation in her Amended Complaint. Am. Compl. ¶ 33-39. But Burke's pleading omits to mention the Segment's conclusion that Weight Watchers's label is "completely legal" when it comes to representations about calorie count. Arguing that the Amended Complaint is incomplete and prejudicial, Burke moves pursuant to Rule 12(f) to strike the Amended Complaint's allegations concerning the Segment (paragraphs 33-39). Since the Court has dismissed the Amended Complaint, it will **DENY** the motion to strike on mootness grounds. *See Hughes v. Panasonic Consumer Electronics Co.*, No. 10-846, 2011 WL 2976839, at *28 (D.N.J. July 21, 2011). However, because Burke might choose to file a

Second Amended Complaint, the Court will address the merits of Weight Watchers's argument, which the Court finds to be persuasive.

Rule 12(f) allows courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Deery v. Crystal Instruments Corp.*, No. 13-198, 2013 WL 4517867, at *1 (D.N.J. Aug. 23, 2013) (internal quotations and citations omitted). The Court finds that the allegations about the Segment are potentially inflammatory, and confusing and collateral. Accordingly, if the motion to strike were not moot, the Court would grant it.

## IV. CONCLUSION

For the reasons stated above, the Court will **DENY** the Rule 12(b)(1) motion to dismiss. The Court will **GRANT** the Rule 12(b)(6) motion to dismiss. Counts I-IV are **DISMISSED WITHOUT PREJUDICE**. Finally, the Court will **DENY** the Rule 12(f) motion to strike. The Court shall grant Burke 30 days in which to file a Second Amended Complaint addressing only those deficiencies identified in this opinion. An appropriate order follows.

                                            /s/ William J. Martini  
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 15, 2013**